IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO GROUP LTD.,<br>LENOVO (UNITED STATES) INC.,<br>and MOTOROLA MOBILITY, LLC,<br><br>Defendants. | Civil Action No. 1:19-cv-01712-CFC |

## MEMORANDUM ORDER

Plaintiff Ancora Technologies, Inc. has sued Lenovo Group Ltd., Lenovo (United States) Inc., and Motorola Mobility, LLC, alleging direct infringement of U.S. Patent No. 6,411,941 (the #941 patent). D.I. 1. Pending before me is a motion to dismiss for failure to state a claim filed by Lenovo (United States) Inc. and Motorola Mobility, LLC (collectively, Defendants) pursuant to Federal Rule of Civil Procedure 12(b)(6). D.I. 9.

The #941 patent is titled "Method of Restricting Software Operation Within a License Limitation." Despite asserting a patent that claims only methods, Ancora does not identify an accused process or allege how Defendants practice the steps of the claimed method. Instead, Ancora alleges that certain "Accused Products" infringe the patent.

To add to the confusion, in paragraph 24 of the Complaint, Ancora first expressly defines Accused Products as five smartphones made by Defendants and then expressly defines the term to mean "products which infringe the [#]941 patent [and which] include, but are not limited to" the five smartphones, D.I. 1 ¶ 24; but in paragraph 25 of the Complaint, Ancora alleges that the Accused Products "include servers/software" utilized by Defendants and "other devices and technology" that receive software updates from Defendants, D.I. 1 ¶ 25. In addition to contradicting itself with regard to the identity of the Accused Products, Ancora suggests at times in the Complaint that each Accused Product by itself infringes the patent, D.I. 1 ¶¶ 24, 26; but at other times, it suggests that multiple devices programmed to act in concert are required to effectuate infringement of the patent, D.I. 1 ¶¶ 25, 34, 36.

Ancora also fails to identify which components of the Accused Products correspond to which elements of the asserted method patent. For example, the #941 patent claims "agent," "program," and "verification structure" elements, and steps of "selecting a program" and "acting on the program." #941 patent at claim 1. But the Complaint does not match these limitations to components and functions of the Accused Products. And finally, Ancora does not allege either that Defendants perform every step of the claimed method or that Defendants directed or caused third parties to perform the claimed method. *See Akamai Techs., Inc. v.*

*Limelight Networks, Inc.*, 692 F.3d 1301, 1307 (Fed. Cir. 2012) ("[T]he accused infringer must perform all the steps of the claimed method, either personally or through another acting under his direction or control.").

In short, these confusing and contradictory allegations are too vague to provide Defendants with fair notice of how they infringe the methods claimed by the #941 patent. *Ondeo Nalco Co. v. EKA Chems., Inc.*, No. Civ.A.01-537-SLR, 2002 WL 1458853, at *1 (D. Del. June 10, 2002). Accordingly, Ancora has failed to state a claim under Rule 12(b)(6). *Helios Streaming, LLC v. Vudu, Inc.*, Civ. No. 19-1792-CFC/SRF, 2020 WL 3167641, at *1 (D. Del. June 15, 2020) (dismissing complaint that "did not explain how Defendant's products or actions infringed the patents and therefore did not provide adequate notice that Defendant's products or actions constituted or caused infringement of the patents").

**NOW THEREFORE**, at Wilmington this Sixth day of August in 2020, **IT IS HEREBY ORDERED** that:

1. Lenovo (United States) Inc. and Motorola Mobility, LLC's Motion to Dismiss the Complaint for Failure to State a Claim (D.I. 9) is **GRANTED**; and

2. Plaintiff shall have until September 8, 2020 to file an amended complaint. If no amended complaint is filed by that date, the Clerk of the

Court will be directed to dismiss Lenovo (United States) Inc. and Motorola Mobility, LLC as parties to this case.

_____
UNITED STATES DISTRICT JUDGE